UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEANDRE MARQUIS OSBORN, )<br>)<br>Defendant. ) | No. 3:24-CR-124-KAC-DCP |

**MEMORANDUM AND ORDER**

This case is before the Court on Motion to Review Appointment of Counsel [Doc. 22], filed by Assistant Federal Defender Sarah Olesiuk ("Attorney Olesiuk") on March 20, 2025. The Court appointed Attorney Olesiuk and Federal Defender Services of Eastern Tennessee ("FDSET") to represent Defendant Osborn at the initial appearance and arraignment on January 16, 2025 [Doc. 11]. In the motion, counsel states that there has been a breakdown in communication and that Defendant Osborn requested the instant motion be filed.

The parties appeared before the Court for a hearing on the motion on March 27, 2025. Assistant United States Attorney Caroline Poore appeared on behalf of the Government. Attorney Olesiuk appeared on behalf of Defendant, who was also present. CJA Panel Attorney Russell Greene was also present at the Court's request.

At the motion hearing, Attorney Olesiuk stated that it was evident from communications with Defendant that there is a lack of confidence in the legal advice of counsel. The Government stated that it had no position on the motion. The Court also conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that

both Attorney Olesiuk and Defendant Osborn responded to the Court's inquiries as reasonably necessary to demonstrate the existence of a breakdown of communication in the attorney-client relationship that has compromised beyond repair Attorney Olesiuk's ability to render effective assistance of counsel.[1] Accordingly, the Court finds that good cause exists to substitute new counsel.

Based upon good cause shown, the Motion to Review Appointment of Counsel [**Doc. 22**] is **GRANTED** and Attorney Olesiuk and FDSET are **RELIEVED** as counsel of record for Defendant. Attorney Greene agreed to accept representation of Defendant at the hearing. The Court **SUBSTITUTES and APPOINTS** Attorney Greene under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. The Court **DIRECTS** Attorney Olesiuk to provide the discovery and information from Defendant's file to Attorney Greene.

Accordingly, the Court **ORDERS**:

(1) The Motion to Review Appointment of Counsel [**Doc. 22**] is **GRANTED**;

(2) Federal Defender Sarah Olesiuk and the Federal Defender Services of Eastern Tennessee are **RELIEVED** of further representation of Defendant; and

(3) Attorney Russell Greene is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] The Court makes no finding regarding Attorney Olesiuk's representation of Defendant Osborn—only that her ability to render effective assistance is compromised due to the breakdown in communication and trust.