UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:24-CR-124-KAC-DCP |
| DEANDRE MARQUIS OSBORN, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Deandre Osborn Motion to Continue Trial and All Related Dates [Doc. 29], filed on February 3, 2026.

Defendant asks the Court to continue the March 3, 2026 trial date [*Id*. at 1]. In support of his motion, Defendant states that defense counsel needs time to complete investigation of issues related to discovery [*Id*.]. Counsel states "Defendant is aware of his speedy trial rights pursuant to the continuance and agrees with the motion" [Doc. 33 p. 1].[1] The Government does not oppose the motion [Doc. 31].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. §

---

[1] Defense counsel supplemented the motion with this information [Doc. 33; *see* Doc. 32].

3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to conduct additional investigation and to otherwise prepare for trial. The Court finds that all of this cannot occur before the March 3, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial and All Related Dates [**Doc. 29**]. The trial of this case is reset to **May 12, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on February 3, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue Trial and All Related Dates [**Doc. 29**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 12, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **February 3, 2026**, and the new trial date of **May 12, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 10, 2026**;

(5) the deadline for filing motions in limine is **April 27, 2026**. Responses to motions in limine are due on or before **May 5, 2026**,

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 28, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 8, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge