UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEANDRE MARQUIS OSBORN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:24-CR-124-KAC-DCP |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Terminate Representation [Doc. 64], which was filed by counsel for Defendant Deandre Osborn on September 19, 2026, and referred by the District Judge [Doc. 65] on September 21, 2026.

In the motion, defense counsel Attorney Jonathan D. Cooper states that Defendant asks to terminate counsel's representation and to be allowed to represent himself at trial [Doc. 64 p. 1]. The motion relates that Defendant "believes that present counsel will not sufficiently advocate his rights and defenses at trial, and that his interests can only be fully and adequately protected if [he] represents himself going forward" [*Id.*].

The parties appeared before the Court for a hearing on the motion on September 24, 2026. Assistant United States Attorney Alan Kirk appeared on behalf of the Government. Attorney Cooper appeared on behalf of Defendant, who was also present. Attorney Randall E. Reagan was also present at the Court's request.

At the motion hearing, Attorney Cooper stated that Defendant was not seeking to represent himself but, instead, sought the appointment of new counsel. Mr. Cooper related that Defendant believes that he has been denied due process because his first attorney did not file pretrial motions

for more than a year and missed the motion deadline. Mr. Cooper said Defendant believes he has been unfairly denied the opportunity to file pretrial motions and that counsel respectfully shares this position. He said Defendant understandably now distrusts the fairness of the judicial process, and this lack of trust has affected the attorney-client relationship. Mr. Cooper expressed regret that he could not bring this case to a conclusion. The Government confirmed that it had no position on the matter. The Court also conducted a sealed, ex parte portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that the responses of Defendant to the Court's inquiries reasonably satisfy the Court that there are sufficient grounds to substitute counsel based on a strained relationship, which has compromised defense counsel's ability to defend Defendant and render effective assistance of counsel. Good cause therefore exists for substitution of counsel.

Accordingly, the Court **GRANTS** the Motion to Terminate Representation [**Doc. 64**]. Attorney Jonathan D. Cooper is **RELIEVED** as counsel of record for Defendant. Attorney Randall E. Reagan agreed to accept representation of Defendant at the hearing.[1] The Court **SUBSTITUTES and APPOINTS** Attorney Randall E. Reagan under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. The Court **DIRECTS** Attorney Cooper to provide discovery and information from Defendant's file to Attorney Reagan.

Accordingly, the Court **ORDERS**:

(1) the Motion to Terminate Representation [**Doc. 64**] and oral motion to substitute counsel are **GRANTED**;

[1] Mr. Reagan stated that he could not be prepared for trial by the current trial date of November 17, 2026, and would discuss the schedule and whether to move for a trial continuance with Defendant.

(2) Attorney Jonathan D. Cooper is **RELIEVED** of further representation of Defendant; and

(3) Attorney Randall E. Reagan is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge